HALMEKANGAS *v.* DEDRICK

NEGLIGENCE—JURY TRIAL—VERDICT—SUFFICIENCY OF EVIDENCE.
> Whether the appellate court would have reached a different conclusion than the jury reached is not the test for determining whether the verdict is supported by the evidence, and the jury's verdict should not be set aside unless it is against the overwhelming weight of evidence.

Appeal from Jackson, Dalton (John C.), J. Submitted Division 2 January 10, 1969, at Lansing. (Docket No. 3,926.) Decided January 28, 1969.

Complaint by Rose Halmekangas against Howard E. Dedrick for damages resulting from an automobile collision. Verdict and judgment for defendant. Plaintiff's motion for judgment notwithstanding verdict denied. Plaintiff appeals. Affirmed.

*John W. Bannasch, Jr.,* for plaintiff.

*Foster, Campbell, Lindemer & McGurrin (John L. Collins* and *Edmund E. Shepherd,* of counsel), for defendant.

PER CURIAM. The jury trial in this case resulted in a verdict of no cause of action. At close of proofs, plaintiff moved for a directed verdict on the issue of liability, and this motion was denied.

---

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 969, 972.

After verdict, plaintiff moved for judgment notwithstanding the verdict. It was denied and plaintiff appeals.

A review of the record convinces this Court that a jury question was presented as to defendant's negligence, even though such review convinces this Court that, had it sat as trier of the facts, defendant's negligence was established. The latter is not the test for disturbing jury verdicts. *In re McCord* (1928), 243 Mich 309, 318.

A review of the entire charge of the trial court discloses no error.

Affirmed with costs to defendant.

QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ., concurred.